IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ARDELL SMITH, SR.,

    Plaintiff,                                No. CIV S-11-3397 MCE CKD PS

    vs.

METRO PAROLE, et al.,

    Defendants.                        ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint must contain more than a "formulaic recitation of the elements of a
9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11  "The pleading must contain something more...than...a statement of facts that merely creates a
12  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15  v. Iqbal, ___ U.S.___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A
16  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
17  the reasonable inference that the defendant is liable for the misconduct alleged." Id.

18  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
19  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
20  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
21  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
22  dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
23  Nevertheless, leave to amend is not warranted where amendment would be futile.  See Cahill v.
24  Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

25  Although the allegations in plaintiff's complaint are vague and in large part
26  incomprehensible, plaintiff appears to allege that a parole officer, Glinda Page, threatened to send

plaintiff back to prison if he did not accept his psychiatric medication. (Dkt. No. 1 at 2.) He also claims that he filed an administrative grievance complaint that was not acted upon. (Dkt. No. 1-1 at 1.) Based on these allegations, plaintiff brings a claim for damages ($100 million) under 42 U.S.C. § 1983 against the "Metro Parole" (the Sacramento Metro Parole Division), "Hearing Parole Revocation" (presumably the Board of Parole Hearings), and Glinda Page.

> The Civil Rights Act provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's claims against the Sacramento Metro Parole Division and the Board of Parole Hearings are barred by the Eleventh Amendment. States are not considered persons under section 1983 because they are immune from liability under the Eleventh Amendment and the doctrine of sovereign immunity. Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Michigan Dept. of State Police, 491 U.S. 58, 63-67, 71 (1989). The Eleventh Amendment erects a general bar against federal lawsuits brought against a state or state department or agency. Papasan v. Allain, 478 U.S. 265, 276 (1986).

With respect to plaintiff's claims against Glinda Page, plaintiff does not specify whether defendant Page is being sued in her official or individual capacity. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

3

1  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  Accordingly, any claim for money damages
2  against defendant Page in her official capacity would also be barred for the reasons discussed
3  above.
4          As to any claim against defendant Page in her individual capacity, plaintiff fails to
5  allege how defendant Page deprived plaintiff of any of his constitutional rights.  Although he
6  alleges, in conclusory fashion, that his "rights were immediately violated of due process
7  constitutionally by all means of Page hemileateinging [sic] about the medication threats" (dkt.
8  no. 1 at 2), threats of constitutional violations are insufficient to state a claim, because a mere
9  naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925
10 (9th Cir. 1987).  Plaintiff alleges that he did not acquiesce to taking any medication ("I didn't
11 adsept [sic] any such thing") (id.) and indicates that he is not incarcerated.  In short, the parole
12 officer's alleged threats and plaintiff's dissatisfaction with the processing of a grievance
13 complaint do not a constitutional claim make.
14         While the court would ordinarily permit a pro se plaintiff to amend, plaintiff's
15 frivolous and implausible allegations against defendant Page compel the conclusion that
16 amendment of the complaint would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
17 339 (9th Cir. 1996).  Additionally, as discussed above, plaintiff's claims against the Sacramento
18 Metro Parole Division and the Board of Parole Hearings are barred by the Eleventh Amendment.
19 For these reasons, the court will recommend that this action be dismissed with prejudice.
20         In accordance with the above, IT IS HEREBY ORDERED that:
21         1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) is granted.
22         IT IS ALSO HEREBY RECOMMENDED THAT:
23         1. The action be dismissed with prejudice; and
24         2. The Clerk of Court be directed to close this case.
25         These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4

(14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 23, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
smith.3397.ifp-fr.wpd